## IN THE UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF ARKANSAS
### EASTERN DIVISION

**MICHAEL L. THOMAS,**                                                      **PLAINTIFF**
**ADC # 81794**

**V.**                            **CASE NO. 2:12CV00183-SWW-BD**

**JEREMY ANDREWS,** *et al.*                                      **DEFENDANTS**

### RECOMMENDED DISPOSITION

**I.    Procedures for Filing Objections:**

This Recommended Disposition ("Recommendation") has been sent to United

States District Judge Susan Webber Wright.  Any party may file written objections to this

Recommendation.

Objections must be specific and must include the factual or legal basis for the

objection.  An objection to a factual finding must identify the finding of fact believed to

be wrong and describe the evidence that supports that belief.

An original and one copy of your objections must be received in the office of the

United States District Court Clerk within fourteen (14) days of this Recommendation.  A

copy will be furnished to the opposing party.

If no objections are filed, Judge Wright can adopt this Recommendation without

independently reviewing all of the evidence in the record.  By not objecting, you may also

waive any right to appeal questions of fact.

Mail your objections to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## II.    Background:

Michael L. Thomas, an Arkansas Department of Correction ("ADC") inmate, filed this lawsuit pro se under 42 U.S.C. § 1983.  Mr. Thomas claims that he was wrongfully placed on investigate status and charged with a disciplinary for participating in a scheme to smuggle cigarettes into the ADC.  Mr. Thomas was found not guilty of the disciplinary charges and as a result, he claims, the Defendants have retaliated against him in violation of his constitutional rights.  Specifically, he claims that he was denied reclassification; he received an additional disciplinary charge and conviction; and his mother and brother were removed from his visitation and telephone lists.  Mr. Thomas asks for money damages and injunctive relief.

The Defendants have moved for summary judgment on Mr. Thomas's claims. (Docket entry #33)  They argue that: Mr. Thomas failed to exhaust his administrative remedies regarding his claims against Defendants Burl, Ester, Crumpton, Green, and Hobbs; his constitutional claims fail as a matter of law; the Defendants are entitled to sovereign immunity; and the Defendants are entitled to qualified immunity.  Mr. Thomas has responded to the motion, and all Defendants have replied.  (#37, #38, #39, #40)

Based on the evidence presented, the Court recommends that the motion for summary judgment (#33) be GRANTED.[1]   Mr. Thomas's claims against Defendants Burl, Ester, Crumpton, Green, and Hobbs should be DISMISSED without prejudice.  His claims against Defendants Andrews, Ball, and McNary should be DISMISSED with prejudice.[2]

## III.    Discussion:

### A.    Standard

Summary judgment is appropriate when the evidence, viewed in the light most favorable to the nonmoving party, presents no genuine dispute as to any material fact. FED.R.CIV.P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 106 S.Ct. 2548 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 246, 106 S.Ct. 2505 (1986).  The moving party bears the initial responsibility of demonstrating the absence of a genuine dispute of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2553 (1986).

---

[1]  Because Mr. Thomas's claims fail as a matter of law, the Court will not address the Defendants' sovereign- and qualified-immunity arguments in this Recommendation. In addition, because Mr. Thomas's underlying constitutional claims fail, it is not necessary for the Court to address his conspiracy claim in this Recommendation.

[2]  In the Defendants' reply to Mr. Thomas's response to the motion for summary judgment, they argue that the facts contained in their statement of undisputed facts should be deemed admitted because Mr. Thomas failed to respond in accordance with the Local Rules.  The facts contained in the Defendants' statement of undisputed facts will be deemed admitted.  The Court notes, however, that it has considered all of the factual allegations contained in Mr. Thomas's complaint, as well as his response to the motion for summary judgment and his brief in support of his response, in considering the Defendants' motion.

If the moving party meets this burden, the nonmoving party must respond with specific facts that are genuinely disputed. *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011) (en banc).  When a plaintiff does not come forward with enough evidence to establish a necessary element of his claim, the moving party is entitled to judgment as a matter of law on that claim. *Celotex Corp*., 447 U.S. at 322-23, 106 S.Ct. at 2552.

B.      Exhaustion

It is settled law that prisoners must exhaust available administrative remedies before turning to the courts.  42 U.S.C. § 1997e(a); *Booth v. Churner*, 532 U.S. 731, 738, 121 S.Ct. 1819 (2001) (holding that available remedies "must be exhausted before a complaint under § 1983 may be entertained").  As a general rule, a court is obliged to dismiss all claims that were not fully exhausted before the lawsuit was filed.  *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003).

Defendants argue that Mr. Thomas never filed a grievance against Defendants Burl, Ester, Crumpton, Green, and Hobbs and that his claims against those Defendants should be dismissed, without prejudice.  Mr. Thomas attached to his complaint a grievance in which he complained about his mother and brother being removed from his visitation and phone lists, but he did not mention Defendants Burl, Ester, Crumpton, or Green in that grievance.  (#1 at p.18)  Mr. Thomas did refer to Defendant Hobbs in that grievance, but he mentioned him with regard to a December 2009 transfer, a claim that is not raised in this lawsuit.  (#1 at p.18)

4

As support for their motion, Defendants have attached the declaration of Barbara Williams, the ADC's Inmate Grievance Coordinator.  (#33-2)  Ms. Williams testified that Mr. Thomas failed to fully exhaust his administrative remedies against Defendants Burl, Ester, Crumpton, Green, and Hobbs.  (#33-2 at pp.1-2)

Mr. Thomas has failed to come forward with any proof to rebut the evidence showing that he did not fully exhaust his claims against Defendants Burl, Ester, Crumpton, Green, and Hobbs.  Although he claims that ADC policy prohibits an inmate from grieving a disciplinary matter, Mr. Thomas's primary complaint is that these Defendants conspired to retaliate against him.  Mr. Thomas was not prohibited from raising such a claim through the grievance process.  Therefore, his claims against Defendant Burl, Ester, Crumpton, Green, and Hobbs should be dismissed, without prejudice.

C.     Defendants Andrews, Ball, and McNary

Mr. Thomas alleges that Defendant Andrews improperly issued him a major disciplinary for his alleged involvement in a scheme to deliver contraband (cigarettes) into the ADC.  After the disciplinary was resolved in Mr. Thomas's favor, he claims that Defendant Andrews, along with Defendants Ball and McNary, retaliated against him in a variety of ways.  Mr. Thomas's claims against these Defendants lack factual support.

1.     Retaliation

To prove a retaliation claim, a prisoner must present evidence that: he engaged in constitutionally protected activity; defendants took adverse action against him that would chill a person of ordinary firmness from engaging in that activity; and retaliation was the actual motivating factor for the adverse action.  *Lewis v. Jacks*, 486 F.3d 1025, 1028 (8th Cir. 2007); *Revels v. Vincenz*, 382 F.3d 870, 876 (8th Cir. 2004).

Here, Mr. Thomas has failed to allege that he engaged in any constitutionally protected activity.  Further, he has failed to present any evidence of retaliatory conduct by these Defendants.  Mr. Thomas's bare, conclusory allegations are insufficient to withstand a motion for summary judgment.

2.     Reclassification

Mr. Thomas claims that when he appeared before the classification committee the month after the underlying disciplinary was dismissed, he was assigned to the hoe squad. He complains that because he had already served thirty days on the hoe squad, he should have been reclassified.  Mr. Thomas identifies the members of the classification committee as Defendant Burl, Crumpton, and Green.  Because his claims against these Defendants have been dismissed based on his failure to exhaust his administrative remedies, this claim must also fail.  In any event, Mr. Thomas has no liberty interest in classification.  See *Sanders v. Norris*, 153 Fed. Appx. 403 (8th Cir. 2005)(unpublished per curiam ) (holding that inmate did not have a constitutional right to a particular

classification); *Hartsfield v. Dep't of Corr.*, 107 Fed. Appx. 695, 696 (8th Cir. 2003) (same).

      3.      Due Process Claim - Wrongful Disciplinary

Mr. Thomas alleges that Defendant Crumpton wrongfully issued him a major disciplinary after he determined that his mother and brother had been removed from his visitation and telephone list. He claims that Defendant Ester found him guilty of that disciplinary.

Again, Mr. Thomas's claims against Defendant Ester and Crumpton have been dismissed for his failure to exhaust administrative remedies. Further, Mr. Thomas has not alleged that any liberty interest was implicated as a result of the disciplinary conviction. Without an underlying liberty interest, Mr. Thomas's claim must fail. *Sandin v. Conner*, 515 U.S. 472, 484–85 (1995).

      4.      Due Process Claim - Contact Visitation and Telephone Privileges

Mr. Thomas claims that Defendants Andrews, Ball, and McNary improperly removed his mother and brother from his visitation and telephone lists. He alleges that he has not had a contact visit with his mother for over two years, and that his due process rights have been violated.

In support of their motion for summary judgment, the Defendants offer evidence that Mr. Thomas's mother and brother were investigated for allegedly introducing contraband into the ADC. (#33-4 at pp.2-4; #33-5 at pp.1-3) As a result of the

investigation, these individuals were removed from Mr. Thomas's visitation and telephone lists.  (#33-4 at p.2)  Based on the serious nature of the issues underlying the initial removal of these individuals from Mr. Thomas's visitation and telephone lists, however, these restrictions were extended.  (#1 at pp.22-23)[3]

Mr. Thomas alleges that there was no evidence that his mother and brother were involved in any scheme to introduce contraband into the ADC, and that the results from the October 2011 drug test were false.  Mr. Thomas offers the testimony of both his mother and brother to support his allegations.  (#38 at pp.40-43)  This testimony does not save these claims.

First, Mr. Thomas has no liberty interest in contact visitation.  If prison visitation is purely discretionary under state law, then no liberty interest is implicated.  *Taylor v. Armontrout*, 894 F.2d 961, 963 (8th Cir.1989) (quoting *Ky. Dep't. of Corr. v. Thompson*, 490 U.S. 454, 461 (1989) (holding that "[t]he denial of prison access to a particular visitor 'is well within the terms of confinement ordinarily contemplated by a prison sentence,' and therefore, is not independently protected by the Due Process Clause").  In addition, the "loss of visitation rights is within the ordinary incidents of confinement and cannot be considered an atypical and significant hardship."  *Ware v. Morrison*, 276 F.3d 385, 387 (8th Cir. 2002).

---

[3] According to Mr. Thomas, after he (falsely) tested positive for illegal substances in October 2011, the one-year time period was extended.  (#1 at p.11)

According to ADC policy, "the Warden/Center supervisor has the authority to restrict contact visitation" and an inmate is permitted to have visits with family members "under conditions that are consistent with the security and good order of departmental operations." (#33-5 at pp.19, 28) In addition, according to ADC policy, once a visitor is removed from an inmate's visitation list, that visitor will not be placed back on the list for at least six months. (#33-5 at p.29) Because contact visitation is discretionary in the ADC, and Mr. Thomas cannot show that the restrictions placed on his visitation constitute an atypical and significant hardship, no liberty interest is implicated. Accordingly, his due process claim fails.

Further, even though Mr. Thomas may have a constitutional right to use the telephone to communicate with family and friends, the right is not unlimited. *Procunier v. Martinez*, 416 U.S. 396, 94 S.Ct. 1800 (1974); *Thornburgh v. Abbott*, 490 U.S. 401, 109 S.Ct. 1874 (1989); *Benzel v. Grammar*, 869 F.2d 1105, 1108 (8th Cir. 1989), cert. denied, 493 U.S. 895, 110 S.Ct. 244 (1989). Limitations may be placed on an inmate's telephone privileges to maintain the safety of the facility. *Benzel*, 869 F.2d at 1108.

In this case, Mr. Thomas's family members were removed from his telephone list based on their alleged involvement in a scheme to introduce contraband into the ADC. Mr. Thomas has failed to present any evidence from which the Court can conclude that this restriction was unreasonable or that Mr. Thomas did not have alternative means of

communicating with his family members.  See *Turner v. Safely*, 482 U.S. 78, 89 (1987).

As a result, this claim also fails.

To the extent that Mr. Thomas claims that the Defendants violated his substantive

due process rights, this claim also fails.  "To establish a violation of substantive due

process rights by an executive official, a plaintiff must show (1) that the official violated

one or more fundamental constitutional rights, and (2) that the conduct of the executive

official was shocking to the 'contemporary conscience.'"  *Bandy-Bey v. Crist*, 578 F.3d

763, 767 (8th Cir. 2009) (citing *Flowers v. City of Minneapolis*, 478 F.3d 869, 873 (8th

Cir. 2007)).  Here, Mr. Thomas's allegations fall well short of establishing such a claim.

5.      Violation of ADC Policy

Throughout his complaint, Mr. Thomas complains that the Defendants violated a

variety of ADC policies and procedures.  Even if this is true, the conduct does not rise to

the level of a constitutional violation.  *Gardner v. Howard*, 109 F.3d 427, 430 (8th Cir.

1997).

6.      Placement in Administrative Segregation

Mr. Thomas also alleges that he was wrongfully placed in administrative

segregation while on investigative status.  It is settled law that placement in segregation

or isolation for limited periods of time does not implicate the protection of the due

process clause of the constitution.  See *Phillips v. Norris*, 320 F.3d 844, 847 (8th Cir.

2003) (citing *Kennedy v. Blankenship*, 100 F.3d 640, 642 (8th Cir. 1996) (holding that a

demotion to segregation alone, even without cause, was not an atypical and significant hardship); *Portley—El v. Brill*, 288 F.3d 1063, 1065–66 (8th Cir. 2002) (holding that thirty days in punitive segregation was not an atypical and significant hardship under *Sandin v. Conner*, 515 U.S. 472, 487, 115 S.Ct. 2293 (1995).

**IV.    Conclusion:**

The Court recommends that the Defendants' motion for summary judgment (#33) be GRANTED.  Mr. Thomas's claims against Defendants Burl, Ester, Crumpton, Green, and Hobbs should be DISMISSED, without prejudice.  His claims against Defendants Andrews, Ball, and McNary should be DISMISSED with prejudice.

DATED this 13th day of December, 2013.

_____
UNITED STATES MAGISTRATE JUDGE

11